|   |   |
|---|---|
| Jonathan Smith-Cousins, <br><br>                    Plaintiff,<br><br>v.<br><br>Studio 15, et al.,<br><br>                    Defendants. | Case No.: 18-cv-2266-AJB-BLM<br><br>**ORDER:**<br>**(1) DENYING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS, (Doc. No. 3);**<br><br>**(2) DISMISSING HIS COMPLAINT WITH LEAVE TO AMEND, (Doc. No. 1); and**<br><br>**(3) DENYING AS MOOT HIS REQUEST FOR APPOINTED COUNSEL (Doc. No. 2).** |

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

The Court reviews plaintiff Jonathan Smith-Cousins' complaint under 28 U.S.C. § 1915(e). This review is required when a plaintiff files a motion to proceed in forma pauperis (Doc. No. 3.) Under this mandatory screening, the Court finds that plaintiff's complaint fails to state a claim against the defendants. Thus, the Court **DENIES** his motion to proceed IFP without prejudice and **DISMISSES** his complaint with leave to amend. (Doc. Nos. 1, 3.) The Court also **DENIES** his motion to appoint counsel as moot. (Doc. No. 2.)

# I.  SCREENING UNDER 28 U.S.C. § 1915(e)

## A.  Legal Standards

Under 28 U.S.C. § 1915(e)(2), when reviewing an IFP motion, the Court must rule on its own motion to dismiss before the complaint is served. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). The Court must dismiss the complaint if it is frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (noting 28 U.S.C. § 1915(e)(2)(B) is "not limited to prisoners"); *Lopez*, 203 F.3d at 1127 ("[§] 1915(e) not only permits but requires a district court to dismiss an [IFP] complaint that fails to state a claim"). Accordingly, the Court "may dismiss as frivolous complaints reciting bare legal conclusions with no suggestion of supporting facts. . . ." *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984) (internal quotation omitted). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). A complaint is facially plausible when the facts alleged allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

## B.  Background

Plaintiff's complaint is admittedly difficult to read, but the Court will do its best in interpreting his complaint. (*See* Doc. No. 1.) Plaintiff brings claims against Studio 15 and a host of individuals, as well as Cox Cable, for alleged civil rights violations arising under 42 U.S.C. § 1983.

Plaintiff states that the individually named defendants are employed by Studio 15, an apartment building located in San Diego. (*Id.* at 2–5.) He alleges a "Cesal Doe" works

for Studio 15 as office staff and gave "authority to the Luccil[1] family to take away [plaintiff's] right to access [his] apt # 130 & 338." (*Id.* at 3.) He also alleges that Sharon Doe, employed by Studio 15, "support[ed] the Luccil family in apt. #732 to take away [plaintiff's] rights to freedom of religion [and] freedom from cruel and unusual punishment." (*Id.*) Plaintiff alleges that John Doe, employed by Studio 15, interfered with plaintiff's "rights to have a clean apt . . . [unintelligible] . . . ." (*Id.*) Finally, Plaintiff alleges that Diane Doe, employed by Studio 15, "violated [plaintiff's] rights by supporting the Luccil family white hate group that try [sic] to take over Studio 15." (*Id.*) Diane also failed to "fix the apt . . . [unintelligible] . . . turn off the hot water no bed, no AC, no stove." (*Id.*)

Plaintiff alleges he was "in [the] ICU, CCU, medical ward, [was] give[n] a 1% chance to live, [is] a[n] old man," and lives on social security. (*Id.* at 4.) He states he pays his rent through the use of Section 8 housing vouchers, but is being called "all kind[s] of names," is having his "freedom to be a 'man'" taken away, and that defendants are "trying to bring me into their sex games of raping" someone. (*Id.*) He claims defendants' are infringing on his freedom to associate, freedom of religion, and freedom of speech. (*Id.*) Plaintiff's allegations under his second count are unintelligible. He alleges, from what the Court can read, that the Luccil and the other defendants caused him some trouble, he uses the phrase "cruel punishment," but the Court cannot discern what specifically defendants did to violate any constitutional right. (*Id.* at 7.) Under count three, plaintiff alleges that Luccil "targeted the elderly people living in the apt bldg. for [unintelligible] sex game . . . ." (*Id.* at 8.)

**C.  Discussion**

To allege violations under 42 U.S.C. § 1983, a plaintiff must show that (1) someone acting under color of law (2) deprived them of their constitutional rights. Ordinarily, private

---

[1] The Court is unsure of the correct spelling of this defendant's name. The Docket refers to a "Crama Luccil," although at other places it appears to be spelled "Lucce," (Doc. No. 1 at 3), or "Lucci," (*Id.* at 7). For continuity, the Court will refer to this party as "Luccil."

3

actors cannot be liable in § 1983 cases because the 'under color of law' requirement applies only to public officials or others 'clothed with the authority of state law.'" *Borecki v. Safeguard Sec. & Communications, Inc.*, No. CV–11–1983–PHX–GMS, 2012 WL 1343952, at *1 (D. Ariz. Apr. 18, 2012) (quoting *West v. Atkins*, 487 U.S. 42, 49 (1988) (internal quotation omitted)). "Private actors may meet the state action requirement, however, when they are 'jointly engaged with state officials in the challenged action.'" *Id.* (quoting *Dennis v. Sparks*, 449 U.S. 24, 27–28 (1980) (holding that a party who bribed a judge was acting under color of state law because the outcome of the hearing was "the product of a corrupt conspiracy" between the party and the judge)).

Here, plaintiff has failed to show how Studio 15, Luccil, or any of the other named defendants were acting as if they were jointly engaged with state officials. Plaintiff also cannot show how the private parties here were engaged in state action. *See, e.g.*, *Brunette v. Humane Society of Ventura County*, 294 F.3d 1205, 1209 (9th Cir. 2002) ("Section 1983 liability extends to a private party where the private party engaged in state action under color of law and thereby deprived a plaintiff of some right, privilege, or immunity protected by the Constitution or the laws of the United States"). Because plaintiff's complaint fails the first hurdle, the Court **DISMISSES** his complaint without prejudice.

## II. LEAVE TO AMEND

Federal Rule of Civil Procedure 15 mandates that leave to amend is to "be freely given when justice so requires." "This policy is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (quotation omitted). The Court **GRANTS** plaintiff leave to amend his complaint. However, the Court strongly urges plaintiff to clearly allege his amended complaint, as his complaint was very difficult to read. Plaintiff should focus on establishing how each defendant was acting under the color of state law when they allegedly violated his constitutional rights and how each defendant did so.

///

///

4

18-cv-2266-AJB-BLM

### III. CONCLUSION

The Court **DENIES** plaintiff's IFP motion, (Doc. No. 3), and **DISMISSES** his case with leave to amend. Plaintiff must submit both (1) his amended complaint and (2) a <u>renewed IFP motion</u> by **October 31, 2018**. Accordingly, plaintiff's request to appoint counsel is **DENIED** as moot. (Doc. No. 2.)

**IT IS SO ORDERED**.

Dated: October 9, 2018

Hon. Anthony J. Battaglia
United States District Judge