1
2
3
4
5
6
7

8                    UNITED STATES DISTRICT COURT

9                   SOUTHERN DISTRICT OF CALIFORNIA

10

11   Jonathan Smith-Cousins,                    Case No.: 18-cv-2266-AJB-BLM

12                              Plaintiff,
                                             **ORDER DISMISSING PLAINTIFF'S**
13   v.                                       **COMPLAINT WITH PREJUDICE**
                                             **(Doc. No. 1)**
14   Studio 15, et al.,

15                              Defendants.

16

17       The Court previously reviewed Plaintiff Jonathan Smith-Cousins' complaint under

18   28 U.S.C. § 1915(e), and found he failed to state a federal claim. (Doc. No. 4.) The Court

19   ordered Plaintiff to file an amended complaint and renewed IFP motion by October 31,

20   2018. (*Id.*) When Plaintiff failed to timely do so, the Court ordered him to show cause as

21   to why his case should not be dismissed for failure to file an amended complaint.

22   (Doc. No. 7.) Plaintiff timely filed a response. (Doc. No. 9.)

23       However, in that response, Plaintiff fails to give a cognizable reason as to why he

24   has not filed an amended complaint. (*Id.*) His response is as follows:

25       In a hearing the state court, the C/D recording you ban hearing, that I Jonathan
         C. Smith-Cousins, was ask [sic] by the court to give them a chance to fix the
26       apt, so I did, but the court didn't award any money to me, and because they
         did pay. The adult abuse is still going on. From 2008-2018 from one place to
27       other the Lucci has follow me 2 Mission Hill 41th St, and Studio 15, where it
28

                                              1

only got to where it is now. I fi can just get a lawyer it would help the court's free me from the abuse."

(Doc. No. 9 at 1.) The rest of the documents Plaintiff attaches includes his state court civil case files, a partial state temporary restraining order seemingly signed by Judge Mandabach, other documents relevant to that case, and the Court's previous order.

## I.     SCREENING UNDER 28 U.S.C. § 1915(e)

### A.     Legal Standards

Under 28 U.S.C. § 1915(e)(2), when reviewing an IFP motion, the Court must rule on its own motion to dismiss before the complaint is served. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). The Court must dismiss the complaint if it is frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (noting 28 U.S.C. § 1915(e)(2)(B) is "not limited to prisoners"); *Lopez*, 203 F.3d at 1127 ("[§] 1915(e) not only permits but requires a district court to dismiss an [IFP] complaint that fails to state a claim"). Accordingly, the Court "may dismiss as frivolous complaints reciting bare legal conclusions with no suggestion of supporting facts. . . ." *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984) (internal quotation omitted). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). A complaint is facially plausible when the facts alleged allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

### B.     Background

The following background is reincorporated from the Court's previous order. (Doc. No. 4.) Plaintiff's complaint is admittedly difficult to read, but the Court will do its best in interpreting his complaint. (*See* Doc. No. 1.) Plaintiff brings claims against Studio 15 and a host of individuals, as well as Cox Cable, for alleged civil rights violations arising under 42 U.S.C. § 1983.

Plaintiff states that the individually named defendants are employed by Studio 15, an apartment building located in San Diego. (*Id.* at 2–5.) He alleges a "Cesal Doe" works for Studio 15 as office staff and gave "authority to the Luccil[1] family to take away [plaintiff's] right to access [his] apt # 130 & 338." (*Id.* at 3.) He also alleges that Sharon Doe, employed by Studio 15, "support[ed] the Luccil family in apt. #732 to take away [plaintiff's] rights to freedom of religion [and] freedom from cruel and unusual punishment." (*Id.*) Plaintiff alleges that John Doe, employed by Studio 15, interfered with plaintiff's "rights to have a clean apt . . . [unintelligible] . . . ." (*Id.*) Finally, Plaintiff alleges that Diane Doe, employed by Studio 15, "violated [plaintiff's] rights by supporting the Luccil family white hate group that try [sic] to take over Studio 15." (*Id.*) Diane also failed to "fix the apt . . . [unintelligible] . . . turn off the hot water no bed, no AC, no stove." (*Id.*)

Plaintiff alleges he was "in [the] ICU, CCU, medical ward, [was] give[n] a 1% chance to live, [is] a[n] old man," and lives on social security. (*Id.* at 4.) He states he pays his rent through the use of Section 8 housing vouchers, but is being called "all kind[s] of names," is having his "freedom to be a 'man'" taken away, and that defendants are "trying to bring me into their sex games of raping" someone. (*Id.*) He claims defendants' are infringing on his freedom to associate, freedom of religion, and freedom of speech. (*Id.*) Plaintiff's allegations under his second count are unintelligible. He alleges, from what the Court can read, that the Luccil and the other defendants caused him some trouble, he uses the phrase "cruel punishment," but the Court cannot discern what specifically defendants did to violate any constitutional right. (*Id.* at 7.) Under count three, plaintiff alleges that Luccil "targeted the elderly people living in the apt bldg. for [unintelligible] sex game . . . ." (*Id.* at 8.)

---

[1] The Court is unsure of the correct spelling of this defendant's name. The Docket refers to a "Crama Luccil," although at other places it appears to be spelled "Lucce," (Doc. No. 1 at 3), or "Lucci," (*Id.* at 7). For continuity, the Court will refer to this party as "Luccil."

18-cv-2266-AJB-BLM

## C. Discussion

To allege violations under 42 U.S.C. § 1983, a plaintiff must show that (1) someone acting under color of law (2) deprived them of their constitutional rights. Ordinarily, private actors cannot be liable in § 1983 cases because the 'under color of law' requirement applies only to public officials or others 'clothed with the authority of state law.'" *Borecki v. Safeguard Sec. & Communications, Inc.*, No. CV–11–1983–PHX–GMS, 2012 WL 1343952, at *1 (D. Ariz. Apr. 18, 2012) (quoting *West v. Atkins*, 487 U.S. 42, 49 (1988) (internal quotation omitted)). "Private actors may meet the state action requirement, however, when they are 'jointly engaged with state officials in the challenged action.'" *Id.* (quoting *Dennis v. Sparks*, 449 U.S. 24, 27–28 (1980) (holding that a party who bribed a judge was acting under color of state law because the outcome of the hearing was "the product of a corrupt conspiracy" between the party and the judge)).

Here, plaintiff has failed to show how Studio 15, Luccil, or any of the other named defendants were acting as if they were jointly engaged with state officials. Plaintiff also cannot show how the private parties here were engaged in state action. *See, e.g.*, *Brunette v. Humane Society of Ventura County*, 294 F.3d 1205, 1209 (9th Cir. 2002) ("Section 1983 liability extends to a private party where the private party engaged in state action under color of law and thereby deprived a plaintiff of some right, privilege, or immunity protected by the Constitution or the laws of the United States").

Additionally, Plaintiff's response to the Court's show cause order fails to produce any additional evidence that the defendants were acting under the color of law. (*See* Doc. No. 9.) Because Plaintiff's complaint fails the first hurdle, the Court **DISMISSES** it with prejudice. Although the Court previously granted leave to amend, the Court now finds any such leave would be futile, and thus **DENIES** granting additional leave to amend. *Bowles v. Reade*, 198 F.3d 752, 758 (9th Cir. 1999) (finding leave to amend need not be granted if amendment would be futile).

## III. CONCLUSION

Because Plaintiff has both failed to show cause for failing to comply with the Court's

order and because he has failed to show how any of the defendants were acting under the color of law, Plaintiff's complaint is **DISMISSED WITH PREJUDICE**. The Court Clerk is instructed to close the case.

　　　　**IT IS SO ORDERED**.

Dated:　January 2, 2019

Hon. Anthony J. Battaglia
United States District Judge